IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENYAMINI,

      Plaintiff,                  No. 2:09-cv-0528-JFM (PC)

  vs.

DR. ALEX LIOU, et al.,           ORDER AND

      Defendants.          FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on plaintiff's motion for preliminary injunction.

       The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

1  irreparable injury." Id.  In the absence of a significant showing of possible irreparable harm, the
2  court need not reach the issue of likelihood of success on the merits.  Id.

3  In his request, plaintiff alleges that he has been placed in administrative
4  segregation and then in a psychiatric services unit based on falsified reports so that "they" can
5  involuntarily medicate him.  Plaintiff also alleges that he has been assaulted, that his life is in
6  danger, and that he has been denied medical care following the alleged assaults.

7  The principal purpose of preliminary injunctive relief is to preserve the court's
8  power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11
9  Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he will suffer
10 irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair
11 chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International,
12 Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International
13 Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit
14 in this required showing is that the relief awarded is only temporary and there will be a full
15 hearing on the merits of the claims raised in the injunction when the action is brought to trial.

16 In addition, as a general rule this court is unable to issue an order against
17 individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine
18 Research, Inc., 395 U.S. 100 (1969).

19 This action is proceeding on claims raised against six defendants in plaintiff's
20 fourth amended complaint, filed February 24, 2009.  The instant motion for preliminary
21 injunction arises from events that are entirely distinct from the claims raised in plaintiff's
22 complaint.  None of the defendants to this action were involved in the alleged events that gave
23 rise to the motion for preliminary injunction.  Accordingly, the motion should be denied.

24 In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the
25 Court is directed to assign this action to a United States District Judge; and
26 /////

1  IT IS HEREBY RECOMMENDED that plaintiff's March 25, 2009 motion for
2  preliminary injunction be denied.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5  days after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
8  failure to file objections within the specified time may waive the right to appeal the District
9  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
10 DATED: August 11, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
beny0528.pi